WILLIAM V. SCUDDER, COLLECTOR OF PRINCETON TOWNSHIP v. THE STATE, ELIAS C. BAKER ET AL., PROSECUTORS.

The act of April 2d, 1866, supplementary to "an act to authorize the township of Princeton to raise money by taxation, and to issue bonds to pay the indebtedness incurred in filling the quota of said township," passed March 22d, 1865, so far as it related to assessments made and completed under the original act, and for the collection of which the duplicate had gone into the hands of the collector, before the passing of the said supplement—*held* inoperative and void, so far as the prosecutors were concerned.

Error to the Supreme Court.

For proceedings and judgment below, see 3 *Vroom* 204.

The case was argued by *J. F. Hageman*, for plaintiff in error, *G. Lytle* and *P. D. Vroom* for defendant.

The following opinions were delivered.

BEDLE, J. The tax warrant under review in this case, was issued on the 13th day of April, 1866, to collect of the prosecutors and ·others certain taxes assessed against them by the assessor of Princeton township, Mercer county, on the 1st day of March, 1866. The assessment was made under an act to authorize the township of Princeton, in the county of Mercer, to raise money by taxation, and ·to issue bonds to pay the indebtedness incurred in filling the quotas of the township, approved March 22d, 1865.

That act provided for the raising of $75,000, in three installments. The first sum of $25,000, the assessor was required to *assess and levy* immediately after the passage and approval of the act. He was also to *assess* and levy, on the 1st day of March, 1866, a further sum of $25,000 and accrued interest, and on the 1st day of March, 1867, he was to *assess and levy* the remaining sum required. The mode of assessment under this act was by a personal bounty tax of ten dollars upon each male inhabitant between the ages of twenty-one and forty-five, and of fifteen dollars upon each other male inhabitant of said township whose name appears upon the last tax duplicate for state, county, and township purposes, and the remainder to be assessed upon the personal property of the inhabitants of said township, and the real estate situated therein, according to the valuation thereof at the last regular annual assessment.

The assessment of 1865 was made according to the act, and on the 1st of March, 1866, the assessor made the assessment of that day in the same way, and afterwards delivered the duplicate to the collector, who proceeded to collect it under the third section of the act. The prosecutors having made default in the payment of their taxes, respectively, a return was made to the justice, who issued the tax warrant accordingly, on the 13th of April, 1866.

On the 2d day of April, 1866, while the duplicate was in the hands of the collector, but before the issuing of the tax warrant, and after the assessor had performed all the duties required of him by the act of 1865, the legislature passed an act, approved that day, (April 2d, 1866,) purporting to change the basis of the assessments of March 1st, 1866, and for March 1st, 1867, so that those assessments should be levied by a personal bounty tax of two dollars upon each single male, and one dollar upon each married male inhabitant of the township, instead of ten dollars and five dollars, as provided in the second section of the original act, and of the exempting persons who had been in the military and naval service, and who had been honorably discharged. The remainder was to be assessed upon the personal property of the inhabitants, and the real estate situated in the township. *Pamph. Laws* 1866, *p.* 903. This supplement also provided that any provision of the original act inconsistent or in conflict with the supplement, should be repealed. The supplement took effect immediately. The prosecutors contend that the supplement defeated the power to collect the assessment made March 1st, 1866. This question depends upon the construction and effect of the supplement. The intention of the legislature should, undoubtedly, be carried out, so far as ascertainable and operative. It can hardly be supposed that the legislature intended, by the language of the supplement, to simply modify the assessment of March 1st, 1866, already made. If such was the case, it would be our duty to carry it out. The language and structure of the supplement are too clear to the contrary to induce us to apply it to that assessment and reform it accordingly. The supplement was probably introduced before that assessment was made, and was intended, at its introduction, to control the assessor, and provide a different mode of making the assessment, but owing to the delays of legislation, it did not become a law till its approval, April 2d, 1866. This idea will account for its peculiar language, and explain the anomaly of an act purporting to alter the mode of making

an assessment already made. The supplement provides a basis for the *assessment* different from the original act. It directs that the assessments authorized to be made March 1st, 1866, and March 1st, 1867, shall be levied in a different way. The word *levied* is not to be used in the sense of *collect*. The assessor was required by the first act to *assess and levy* the several sums. The words *assess* and *levy*, there are used substantially in the same sense, and refer to the duties of the assessor, and in the supplement the word *levied* is used in its application to the same duties of the assessor. The object of the act of 1865 was to raise money to pay off certain debts of the township incurred in filling its quota, and the assessment of March 1st, 1866, was intended to meet the debt of the township maturing that year. To modify the assessment by reducing the personal tax to two dollars and one dollar, would leave a considerable deficiency, and it not being assessed upon the personal and real property, the township would fail to raise the necessary sum required by the original act. If the court, under a forced construction of the supplement, should permit a reduction of the personal bounty tax to two dollars and one dollar, they would have no power to increase the amount assessed upon the personal and real property for the deficiency, and the township would necessarily fail to meet its obligations intended to be met and paid by the original act. The legislature could not have intended, by such language as they have used, to place the township in that position; and to hold that the supplement, as contended for by the prosecutors, repeals the power to collect the assessment already made, makes it still worse, and leaves the township powerless to raise the money required for that year. Neither of these intentions can fairly be gathered from the supplement. The fair meaning of the language of the supplement is to control and regulate the *making* of each of the assessments of 1866 and 1867 upon the new basis therein stated. This is further evident from the fact that, in the first act, the poll tax is to be assessed upon the principle of ten dollars to each male between cer-

tain ages, and five dollars to the others, thereby compelling those liable to draft to pay more than those who were not, while the principle of the supplement in assessing the poll tax is to make single males pay more than married males—a different principle entirely. There is no power given in the supplement to the assessor or any one else to ascertain which of the males named in the assessment of 1866 are single or married, and the conclusion is irresistible that the act was drawn and introduced to fix a new mode of making the assessment. At the time of its approval, the assessor had performed all the duties required of him by the act of 1865, in relation to the assessment of March 1st, 1866. He had assessed and levied the amount for that year. The assessment was completed, and the duplicate had passed beyond his control, into the hands of the collector, whose duty it was to collect it under the third section. The provisions of the supplement as to that assessment, were inoperative, and could not be performed, and under the well known principle of the law were of no validity. The assessment of March 1st, 1867, will have to be made under the supplement; but the assessment of 1866 is not affected by the law, so far as these prosecutors are concerned. None of them were in the military or naval service, and it is, therefore, unnecessary for the court to express any opinion whether the language of the supplement would exempt such from the payment of the personal bounty tax of 1866.

The judgment of the Supreme Court must be reversed, and the tax warrant affirmed.

ELMER, J. In my opinion, the act of 1866 may be fairly interpreted as intended to leave the assessment made on the 1st of March unaffected, but as directing that the taxes so assessed should be "levied," by changing the tax of ten dollars on each single male inhabitant to two dollars, and of five dollars on each married male inhabitant to one dollar. The warrant brought up by the *certiorari* should be corrected accordingly. The "remainder" of the tax ought, of course,

Scudder, Collector, &c., of Princeton, v. State, Baker et al., pros.

to be assessed as the act directs, upon the personal property of the inhabitants, at the ensuing or any other assessments made under the existing laws, so as to provide sufficient funds to discharge the bonds, which, by the act of 1865, are made a legal debt of the township.

VREDENBURGH concurred in opinion with Justice ELMER.

*For reversal*—The CHANCELLOR, BEASLEY, C. J., ELMER, VREDENBURGH, BEDLE, DEPUE, FORT, WALES, CLEMENT, VAIL.   10.

*For affirmance*—None.